AUSTIN E. HEDDEN ET AL., PLAINTIFFS IN ERROR, v. BOROUGH OF VERONA, DEFENDANT IN ERROR.

Submitted December 11, 1911—Decided March 4, 1912.

A statute providing for the levying of a special assessment for the cost of a sidewalk improvement, and distributing the assessment among the owners of abutting lots in proportion to the lineal feet of sidewalk bordering upon the several lots. is not unconstitutional.

---

On error to the Supreme Court, whose opinion, delivered by Mr. Justice Parker, is as follows:

This is a writ of *certiorari* bringing up an assessment against the prosecutors for the construction of sidewalks on Bloomfield avenue within the borough of Verona, in the county of Essex. The improvement was ordered to be made in 1905 while Verona was a township. In 1907 Verona was incorporated as a borough. *Pamph. L., p.* 173. At that time the improvement had been completed, but no assessment had been made. The territory of the borough, however, included only part of that of the former township whose name was changed to the township of Cedar Grove, and there was an adjustment of assets and liabilities between the township and the borough, presumably under the act of 1897, *p.* 275.

By chapter 159 of the laws of 1908 (*Pamph. L., p.* 260) the legislature apparently provided by general enactment for this very case, and prescribed that the authorities of the borough should complete the improvement, if incomplete, and "make assessment therefor upon the owner or owners of each lot fronting on or bordering which such work has been or shall have been done in the manner provided by the laws under which such improvement was or shall have been instituted"—in the present case the Township act of 1899, which will be hereafter further referred to. Section 2 of the act of 1908 provides that the assessment shall be made by the borough council of the borough in the manner and by method provided by the laws under authority of which the improvement was begun, and all other proceedings shall be performed by the officers of the borough whose duties correspond in general to the duties of the officers of the township upon whom such duties devolved under the former law.

Accordingly the borough council and officers went on to make an assessment for the sidewalks in question pursuant to the Township act of 1899, already cited, and especially sections 41 and 42 of said act as amended in 1901. *Pamph. L., p.* 282. Section 42 prescribes that the amount of the assessment "shall be levied upon the owner or owners of each lot fronting on which or bordering on which such work shall have been done in proportion to the number of lineal feet of sidewalk in front of or bordering on said lot," and the assessment was made accordingly. No bonds were issued by either the township or the borough to pay for the improvement, because there was cash in the township treasury available and which was used to pay for it, and the raising of a loan was therefore unnecessary.

The prosecutor attacks the assessment on the following grounds: First, that the legislation providing for an assessment by what is known as the front-foot rule is unconstitutional as taking private property without compensation, and that the only constitutional method is to assess strictly in accordance with benefits ascertained to have been conferred. Counsel cite the celebrated cases of *Agens* v. *New-*

*ark*, 8 *Vroom* 415, and *Tidewater Company* v. *Coster*, 3 *C. E. Gr.* 519. But we are concluded in this matter by the decision in *Sigler* v. *Fuller*, 5 *Vroom* 227, which was distinguished in *Agens* v. *Newark*, at *p.* 423 of 8th *Vroom*, followed by *Kirkpatrick* v. *Commissioners*, 13 *Id.* 510, and *Robins* v. *Commissioners*, 15 *Id.* 116. In *Doughten* v. *Camden*, 43 *Id.* 451 (at *p.* 456), the rule laid down in this line of cases was alluded to but without any expression of disapproval.

The second objection raised by the prosecutor is that an assessment for sidewalk by the front-foot rule must be by virtue of the police power, and that it is not within the police power of the legislature to confer upon the township committees authority to lay sidewalks and assess the cost of the property owners fronting on an improvement. But Chief Justice Beasley, in *Agens* v. *Newark, supra,* considered it as justified under the police power, and this was the ground of his distinguishing Sigler *v.* Fuller from the Tidewater case. It was treated in the same way by Chancellor Magie in *Doughten* v. *Camden*, 43 *Vroom* 455, 456. Whatever be the theory on which the validity of such sidewalk assessment is sustained, the rule affirming the validity of such an assessment per front foot is firmly established in this court.

The prosecutor's next argument is that because there was no bond issue to pay for the improvement there can be no assessment for the same. It is true that the work was paid for by the township before the borough was created, but it was paid for out of funds in hand and as a matter of convenience. The property owners were liable for an assessment, whether the township happened to have money in hand or not; and the fact that it was paid for before the borough was set off, does not alter the situation in this regard, because we must presume that under the adjustment of assets and liabilities as between the two municipal corporations, the liability of the property owners to an assessment for this sidewalk must have been taken into account.

The prosecutors advance the further reason that the act of 1908 is unconstitutional. The case is submitted on briefs

and we find no discussion of this point in prosecutors' brief and therefore deem it to be waived.

The assessment will be affirmed, with costs.

For the plaintiffs in error, *Lafferty & Pilgrim.*

For the defendant in error, *Edwin G. Adams.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 14.

*For reversal*—None.